Sarah Elizabeth **HUMPHREY**, Appellant,

v.

Edwin Jerome **HUMPHREY**, Appellee.

No. 2009–CA–002241–ME.

Court of Appeals of Kentucky.

July 30, 2010.

Case Ordered Published by Court of Appeals Oct. 15, 2010.

**6.** This opinion became final on September 27, 2009.

Abigail C. Barnes, Smithland, KY, for appellant.

L. Christopher Hunt, Paducah, KY, for appellee.

Before CAPERTON, LAMBERT, and STUMBO, Judges.

*OPINION*

CAPERTON, Judge:

The Appellant, Sarah Elizabeth Humphrey, appeals the November 12, 2009, findings of fact, conclusions of law, and judgment of the Marshall Family Court, awarding custody of the parties' two minor children to their father, Appellee Edwin Jerome Humphrey. After a thorough review of the arguments of the parties, the record, and the applicable law, we affirm.

The parties were married on July 10, 1999, and were divorced by decree of the Livingston Circuit Court on November 6, 2002. The parties had two minor children, C.L.H. and C.W.H, both born on April 7, 2000. Upon divorce, the parties entered into a property and settlement agreement in which the parties agreed that they would share joint custody, with Sarah as the primary residential custodian. No child support was ordered at that time.

On January 4, 2008, Sarah filed a motion for review of visitation in the Livingston Circuit Court. Thereafter, on April 14, 2008, an order was entered setting a visitation schedule establishing that visitation would be conducted in accordance with the McCracken County Standard Visitation Schedule. Sarah remained the residential parent at that time. Thereafter, in May of 2008, Edwin was ordered to pay child support to Sarah in the amount of $550.00 per month.

The divorce action was subsequently transferred to the Marshall Circuit Court, where Sarah had moved with both boys. Below, Sarah testified that she moved to Marshall County for the schools, but acknowledged that she has no connection to Marshall County other than her boyfriend, Danny, who also resides there. At the

time the action below was filed, both boys attended Marshall County Schools.

Edwin and his current wife, Patrice, relocated to Colorado for a job opportunity in approximately 2007, but later relocated to Marion, Illinois, approximately one year ago. Edwin testified that he did so in order to see his sons more regularly. On July 2, 2009, Edwin filed a motion to modify custody. In that motion, Edwin requested that the parties continue to share joint custody of the children and that he be named primary residential custodian. Edwin argued that said modification was necessary to serve the best interests of the children.[1] A hearing was held below on November 4, 2009.

Upon commencement of the hearing in this matter, the parties differed as to the appropriate standard to be applied by the court. Sarah asserted that the court should apply the standard set forth in Kentucky Revised Statutes (KRS) 403.340 for modification of custody decrees, while Edwin's counsel argued that the best interest of the child standard should apply. The trial court, citing its reliance on *Pennington v. Marcum*, 266 S.W.3d 759 (Ky. 2008), chose to apply the best interest of the child standard. In its order, the court indicated that even though Edwin had filed a motion to modify custody, it was treating the case as an action for modification of timesharing.

Testimony was heard from the parties; Wendy Lay, a guidance counselor at the children's school; Kelly Cox, a social work-er with the Cabinet for Health and Family Services; an education director at Sylvan Learning Center where the children had attended a brief course; and various relatives and character witnesses for each party. The children were also interviewed by the court in chambers.

Following the hearing, the court issued its findings of fact, conclusions of law, and judgment on November 12, 2009. As noted, the court found that although Edwin styled his motion as one to modify custody, he was actually seeking a modification of the parties' current timesharing arrangement, as both parties would still have custody. The modification would name Edwin as the primary residential custodian instead of Sarah. In its order, the trial court stated that it found insufficient evidence to support the claim that Sarah's boyfriend abused the children. It nevertheless found that on the basis of the wishes of the parents and the children,[2] it would be in the best interest of the children to make Edwin the primary residential parent. The court also set forth the respective support and financial obligations of the parties.[3] It is from that order that Sarah now appeals to this Court.

■ As her first basis of appeal, Sarah argues that the trial court abused its discretion in applying the standard set forth in *Pennington*. Sarah asserts that *Pennington* should only apply when triggered by either an objection to, or request for,

---

1. In particular, Edwin cited concerns that the children were being abused by Sarah's boyfriend, Danny, that the boys desired to live primarily with their father, and that he takes their education more seriously than Sarah.

2. There is dispute between the parties as to the true wishes of the children. Edwin asserts that the children want to live with him, while Sarah asserts that Edwin coached the children to make this request. The court be-low found that the boys were well-behaved, articulate, and intelligent, and adamantly stated that they wanted to live with their father. The court found no indication that they had been coached.

3. We decline to discuss this aspect of the order herein as it is not pertinent to the issues before us on appeal.

relocation. She argues that in the matter *sub judice,* Edwin was seeking a modification of custody and not timesharing, and points out that his arguments for becoming primary residential custodian centered not on reasons of relocation but around objections to the atmosphere of Sarah's home and the parenting styles she implemented. Accordingly, Sarah asserts that the court should have applied KRS 403.340 instead of KRS 403.320(3). Sarah argues that under the standards set forth in KRS 403.340, the court did not have a sufficient basis for changing the primary residential custodian from her to Edwin.

In response, Edwin argues that the trial court correctly applied *Pennington.* He argues that although he styled his motion as a motion to modify custody, in reality, he sought a modification of timesharing. Edwin therefore asserts that pursuant to *Pennington,* the best interest standard of KRS 403.320(3) was correctly applied. Edwin asserts that *Pennington* was not intended to apply solely to situations involving relocation, and that relocation was merely part of the specific set of facts that gave rise to that appeal. Edwin therefore argues that the holding of *Pennington* applies to every modification of timesharing, whether sought in response to relocation or for other practical reasons.

Alternatively Edwin asserts that, even if the court did misapply *Pennington,* that error was harmless because he sought modification more than two years after the initial custody determination and, therefore, the threshold to be met for modification was not as stringent as it would otherwise have been had the motion been made earlier.[4] Edwin also asserts that regardless of whether the court used the best interests of the child standard, or the factors set forth in KRS 403.340, the evidence to support its findings was sufficient.

■ In addressing the issues raised by the parties, we note that our standard of review is set forth in Kentucky Rules of Civil Procedure (CR) 52.01, and that findings of fact shall not be set aside unless clearly erroneous. Due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *See Murphy v. Murphy,* 272 S.W.3d 864 (Ky.App.2008). Thus, the question before this Court is not whether we would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion. *See B.C. v. B.T.,* 182 S.W.3d 213, 219–20 (Ky.App.2005). *See also Eviston v. Eviston,* 507 S.W.2d 153 (Ky.1974). We review the arguments of the parties with this in mind.

Stated simply, we believe that *Pennington* speaks clearly to the primary issue raised by the parties herein. In *Pennington,* our Kentucky Supreme Court held that a motion seeking to change the primary residential parent was in reality a motion to modify visitation/timesharing and not a motion to modify custody. *Pennington v. Marcum,* 266 S.W.3d 759 (Ky. 2008). We cannot agree with Sarah that the holding in *Pennington* was intended to be limited only to cases involving relocation and, in fact, this Court has already found otherwise on several occasions.[5]

**4.** In making this argument, Edwin relies upon the statement of the Kentucky Supreme Court in *Pennington* that "after two years from the date of the custody decree, the standard reverts to review of the best interests of the child, either under KRS 403.270 or KRS 403.340(3)." *Pennington* at 767. Edwin uses

this as a basis to argue that although the statute requires the court to consider the enumerated factors, it did not have to find that serious endangerment to the children existed prior to modifying custody.

**5.** *See Gaskins v. Gaskins,* 2009 WL 3321408 (Ky.App.2009)(Unpublished); *Gardner v.*

While a relocation was the particular context in which *Pennington* was decided, we believe that the intent of our Supreme Court was to establish a distinction between a modification of custody (either from joint custody to sole or split custody, or vice-versa), and a modification of timesharing. A modification of timesharing maintains the basic custodial framework agreed upon by the parties but changes the amount of time that each parent spends with the child within that framework. In the matter *sub judice*, Sarah and Edwin retain joint custody. Edwin did not seek sole custody of the children, but instead sought to change the primary custodian from Sarah to himself. *Pennington* is clear that this is not a modification of custody, but of timesharing, and we decline to find otherwise herein.

Having found that Edwin's motion was, in reality, a motion to modify timesharing, *Pennington* is the controlling case. *Pennington* is clear that motions to modify visitation/timesharing are brought under KRS 403.320(3), which permits modification when it "would serve the best interests of the child." The court below, in making this determination, heard evidence from numerous sources. It clearly considered the interactions between each of the adults involved and the children, the disciplinary styles of the parents, and the children's wishes.

While Sarah attacks the findings of the trial court that the children wished to live with their father, we note that there was conflicting evidence on this issue.[6] As we have noted, it is within the discretion of the trial court to judge the credibility of the witnesses, and to make a determination after reviewing the evidence as a whole. In the matter *sub judice*, the court not only heard the testimony of the witnesses on this issue, but also conducted its own interview with the children themselves. We believe that these interviews, in conjunction with the evidence presented during the course of the trial, formed a sufficient basis for the trial court to make the determination that it did. We simply cannot conclude that the court abused its discretion, or that its findings of fact were clearly erroneous.

Wherefore, for the foregoing reasons, we hereby affirm the November 12, 2009, findings of fact, conclusions of law, and judgment of the Marshall Circuit Court.

ALL CONCUR.

---

*Gardner*, 2009 WL 1811730 (Ky.App.2009)(Unpublished); and also *Warren v. Warren*, 2010 WL 135174 (Ky.App.2010)(Unpublished).

6. Witness Cox testified as to her belief that the children had been coached by their father, but Witness Lay testified that it was her belief that they had not been coached.