RENDERED:  MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0531-MR

AMANDA ALLEN                                                                APPELLANT

v.
APPEAL FROM LEWIS FAMILY COURT
HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 15-CI-00011

CORY STEVEN-MICHAEL ALLEN                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Amanda Allen appeals the Lewis Family Court's February 28,

2020 order modifying the timesharing arrangement for the children she had with

Cory Steven-Michael Allen.  We affirm.

## BACKGROUND

The parties were married for five years and had two children before they divorced. The decree, entered April 27, 2015, granted joint custody and ordered that Cory would have the children every other weekend and one three-hour period each week. Approximately two years after the divorce, Amanda relocated with the children to Rowan County, Kentucky.

In 2018, Cory sought increased timesharing. Although the family court did not order the equal timesharing Cory sought, it did increase his timesharing somewhat.

Later that same year, Cory again sought equal timesharing. Failed mediation attempts and continuances delayed the hearing on Cory's motion until February 2020. The family court heard testimony from the parties, the children's counselors, and the children,[1] and then issued its order on February 28, 2020.

The court noted that the children appeared to be "coached" to say they wanted either to live with Cory full-time or to have their time with their parents divided equally. Nevertheless, it found the best interests of the children would be served by ordering equal timesharing, based on Cory's change of employment and relocation, the psychological needs of the children, and other relevant factors enumerated in the order. (Record (R.) at 330-34).

---

[1] The family court interviewed the children in chambers.

Nearly a month later, Amanda filed a "Motion to Reconsider and Motion to Amend Findings." Two days after that, Amanda filed a timely notice of appeal. According to the certified record, Amanda's motions remain pending before the family court.

## ANALYSIS

Amanda makes three arguments. She claims the family court erred by: (1) applying KRS[2] 403.270 instead of KRS 403.320 to modify custody; (2) modifying custody despite having found the children were coached; and (3) modifying custody contrary to public policy. Cory says Amanda never preserved these issues. Amanda contends she did so by filing her motion to dismiss and her motion to reconsider. We first consider the preservation question.

"It is well-settled that a trial court must be given the opportunity to rule in order for an issue to be considered on appeal, and the failure of a litigant to bring [a matter] to the trial court's attention is fatal to that argument on appeal." *Martin v. Pack's Inc.*, 358 S.W.3d 481, 487 (Ky. App. 2011) (citation and internal quotation marks omitted). We have carefully examined Amanda's motion to dismiss, filed a year before entry of the order which she appeals, and find none of the three arguments she makes to this Court.

---

[2] Kentucky Revised Statutes.

Furthermore, the order for equal timesharing was a final and appealable order pursuant to CR[3] 54.02 and, therefore, could only be modified by the family court upon a timely motion pursuant to CR 59.05. The motion Amanda filed twenty-eight (28) days after entry of the equal timesharing order, and captioned "Motion to Reconsider and Motion to Amend Findings," was not a timely motion under CR 59.05.

Notwithstanding the lack of preservation, we briefly address Amanda's arguments. Citing *Layman v. Bohanon*, she argues the family court erred by applying the presumption of equal timesharing found in KRS 403.270 and KRS 403.340 because the proper and applicable statute for modifying timesharing, KRS 403.320, does not include such presumption. 599 S.W.3d 423, 429-31 (Ky. 2020). However, Amanda fails to note that the Supreme Court in *Layman* still upheld the modification.

In pertinent part, the Court in *Layman* said:

> Having clarified the correct application of KRS 403.320(3) and KRS 403.270(2), we next consider whether the family court erred in modifying the parties' timesharing schedule. On this point, we note that the family court has broad discretion in modifying timesharing. *Pennington* [*v. Marcum*, 266 S.W.3d 759, 765 (Ky. 2008)]. Accordingly, we "will only reverse a circuit court's determinations as to visitation if they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the

---

[3] Kentucky Rules of Civil Procedure.

case." *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000). Furthermore, "[d]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Humphrey v. Humphrey*, 326 S.W.3d 460, 463 (Ky. App. 2010) (citing *Murphy v. Murphy*, 272 S.W.3d 864 (Ky. App. 2008)).

As noted above, the modification of the timesharing schedule was governed by KRS 403.320(3). Accordingly, the family court could either (1) order a reasonable timesharing schedule if it found that it would be in the best interests of the children to do so or (2) order a "less than reasonable" timesharing arrangement if it first found that the children's health was seriously endangered.

*Id*. at 431-32. There is no suggestion the children's health was seriously endangered or that the family court ordered a "less than reasonable" timesharing arrangement. So, we move to the Supreme Court's analysis whether the order of equal timesharing was in the best interests of the children.

The reviewing court must "consider whether the family court properly found that the arrangement was in the best interests of the children." *Id*. at 432. Just as in *Layman*, in the case under review here, "the family court's . . . amended [timesharing] order discussed relevant factors that support the modification." *Id*. at 433. And, just as in *Layman*, "[w]e believe that, in this case, the factors listed in the family court's order[] are sufficient to satisfy the best interests of the children standard. Accordingly, we hold that the family court did not err in modifying the timesharing schedule[.]" *Id*.

-5-

We also find no error, and no necessary incompatibility, in the family court's assessment of the children's veracity on the one hand, and its best-interests analysis of Cory's motion for equal timesharing on the other. We cannot accept Amanda's implied argument for a rule that anytime a family court believes one parent (or both) tried to influence a child's testimony, the influencer must lose the issue. Now *that* would be opening the proverbial can of worms.

Similarly, we reject Amanda's argument that the family "court's order is so flawed that it violates public policy." (Appellant's brief, p. 11). The argument is not so much that the family court violated an existing and defined public policy as it is a request that this Court create one. We decline to do so.

## CONCLUSION

For the foregoing reasons, we affirm the Lewis Family Court's February 28, 2020 order modifying the timesharing.

ALL CONCUR.

BRIEF FOR APPELLANT:

Marsha (Megan Hughes) Richmond
Morehead, Kentucky

BRIEF FOR APPELLEE:

Alison Marie Sparks
London, Kentucky