RENDERED: JUNE 17, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0553-DGE

HEATHER LERAE MOORE                                                                   APPELLANT

|  |  |
|---|---|
| V. | ON REVIEW FROM COURT OF APPEALS<br>NO. 2019-CA-1579<br>WHITLEY CIRCUIT COURT NO. 14-CI-00600 |

EDDIE DEAN MOORE                                                                      APPELLEE

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>REVERSING AND REMANDING</u>**

The Kentucky Court of Appeals affirmed an order of the Whitley Circuit Court granting Eddie Dean Moore unsupervised overnight visitation with the two minor daughters born during his marriage to Heather Lerae Moore. In a split decision, after determining the trial court's findings were supported by substantial evidence, a majority of the Court of Appeals panel concluded no abuse of discretion occurred and affirmed. We granted Heather's motion for discretionary review. Having reviewed the record and arguments of the parties, we reverse the Court of Appeals and remand for further proceedings.

Eddie and Heather were married for eleven years and the union produced two daughters. Eddie also had custody of his two older children from a prior marriage. On October 2, 2014, Eddie's eldest daughter informed Heather that on several prior occasions Eddie had engaged in inappropriate sexual behaviors

with her.  When Heather confronted Eddie about the accusations, he admitted he had touched the girl but he "was not like that anymore."

At Heather's insistence, Eddie presented himself to law enforcement to report his actions.  In a recorded interview, Eddie confessed to four incidents of inappropriately touching his eldest daughter.  Based on this confession and the results of further police investigation, Eddie was indicted on multiple criminal charges.  Shortly thereafter, Heather filed for divorce and was granted temporary sole custody of the two daughters she shared with Eddie.[1]  Eddie was granted supervised, non-overnight visitation with the girls on Sundays and holidays.  The restricted visitation schedule persisted while Eddie's criminal charges were resolved.  He was ultimately acquitted on all counts following a jury trial in April of 2017.

One week later, Eddie began proceedings seeking joint custody of and increased visitation with his daughters.  Following a hearing on June 23, 2017, the trial court concluded Eddie had, in fact, sexually abused his daughter, the contrary jury verdict notwithstanding, and Eddie had used poor judgment at best.  Based on its concerns for the safety of the younger children and the heightened risk of harm if left in Eddie's care unsupervised, the trial court ordered supervised visitation for eight hours each Saturday.  Further, Eddie was required to complete anger management classes and undergo a mental

---

[1] Custody and visitation of Eddie's older children are not at issue in this matter.

2

health assessment, providing a copy of his police interview to any professional prior to beginning any session. His motion for joint custody was denied.

On January 23, 2018, Eddie again moved the court for joint custody and to increase his visitation, resulting in a hearing being convened on February 21, 2018. As two expert witnesses were not available to testify, the trial court continued the hearing for a later date to permit the parties to take the experts' depositions. During the second hearing, the trial court noted Eddie had performed poorly on psychological testing and evinced an effort to "beat the test." Additionally, the court concluded Eddie's inability and refusal to acknowledge any wrongdoing with respect to his actions toward his eldest daughter placed the younger daughters at risk if Eddie were to be granted unsupervised visitation, and therefore denied the request. A written order memorializing the trial court's decision was entered on June 5, 2018. Eddie's supervised visitation period was increased to ten hours on Saturdays and six and one-half hours on Sundays, with the visits to occur two out of every three weekends. The trial court stated further modification of the visitation schedule would not occur "[u]nless and until [Eddie] accepts responsibility for his actions and is genuinely remorseful[.]" Eddie was also ordered to undergo the extensive psychotherapy recommended as a result of his mental health evaluation. His motion for joint custody was again denied upon the trial court's conclusion such would not be in the children's best interests, and sole custody was granted to Heather.

Eddie filed a third motion for joint custody and increased, unrestricted visitation approximately ten months later. An evidentiary hearing was convened on August 22, 2019. Along with receiving testimony from the parties and Eddie's treating therapist, the trial court interviewed the two children to determine their wishes. Both girls expressed anxiety and hesitancy to visit their father overnight. In its written order entered on September 3, 2019, the trial court made extensive findings detailing its concerns with Eddie's actions and continued failure to acknowledge the inappropriateness of his prior actions. The trial court stated its ultimate decision was whether Eddie posed a safety risk to the girls. Despite the weighty concerns set forth previously in the order, and without setting forth specific reasons justifying the decision or explaining why Eddie's failure to accept responsibility or show remorse should be excused, the trial court held there would be no risk of harm in granting unsupervised, overnight visitation. Eddie was granted visitation with the children every other weekend from 6:00 p.m. on Friday to 6:00 p.m. on the following Sunday and on December 25 at 5:00 p.m. until December 27 at 5:00 p.m.

Heather moved to alter, amend, or vacate the September 3, 2019, order, and the children's *guardian ad litem* joined in the motion noting her serious concerns for their safety. At a hearing, the trial court stated Eddie was never going to admit he had sexually abused his oldest daughter or otherwise accept responsibility for his actions. The trial court noted no reasonable parent would permit their children to spend time with Eddie, going so far as to note if his

4

own daughters were of that age, there was no "chance in the world" he would allow them to go to Eddie's house and would tell them to "run the other way" if they were to see Eddie. However, finding Eddie had a constitutional right to parent his children, the trial court dismissed these concerns and reiterated its view Eddie did not present a risk of harm as he had never been accused of inappropriate conduct with either of them.

Heather appealed the adverse decision to the Court of Appeals. In a divided decision, the Court of Appeals disagreed with Heather's argument the trial court had departed from the requirements of its prior orders for Eddie to receive unsupervised or overnight visitation without Eddie complying with those terms. The majority found the trial court's ultimate decision was supported by substantial evidence and, although not discussed in any of the trial court's orders, expansion of visitation was in the children's best interests. Additionally, in a footnote responding to the dissent's rebuke of the trial court for its failure to consider and make a specific finding regarding the statutorily required best interest standards before modifying the prior timesharing orders, the majority held Heather had waived any such argument as she had not raised the issue on appeal. The majority further concluded the trial court had, in fact, ruled on the issue by implication. Finally, the majority held the trial court had not abused its discretion in determining there was no risk of harm in permitting unsupervised, overnight visitation with Eddie. We granted Heather's motion for discretionary review.

Heather asserts the trial court erred in failing to follow the law of the case between these parties when it modified the visitation schedule without Eddie fully complying with the prerequisites contained in prior orders and the Court of Appeals erred when it affirmed without fully addressing the matter. Next, Heather contends the trial court and the Court of Appeals failed to apply the correct standard governing modification of visitation. Finally, she argues the Court of Appeals erroneously concluded a party may waive arguments regarding a trial court's failure to make mandatory statutory findings and, in any event, she did raise the issue on appeal, thereby rendering the Court of Appeals' conclusion erroneous. We agree the lower courts utilized an incorrect legal standard, thereby requiring reversal. Heather's other arguments shall be addressed only insofar as they may recur on remand.

Modification of a visitation award is governed by KRS[2] 403.320(3). Pursuant to that statute,

> [t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health.

A restriction occurs when a parent receives something less than "reasonable visitation." *French v. French*, 581 S.W.3d 45, 50 (Ky. App. 2019) (citation omitted). Thus, under the plain language of KRS 403.320(3), a trial court may

---

[2] Kentucky Revised Statutes.

6

modify a visitation order when doing so is in the child's best interests,[3] but can only order "less than reasonable" visitation if serious endangerment to the child's health is found. Clearly, a parent seeking to modify visitation must present evidence that the requested modification is in the children's best interests. *Pennington v. Marcum,* 266 S.W.3d 759, 767 (Ky. 2008).

Trial courts retain broad discretion in modifying visitation awards. *Id.* at 769. "Due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Humphrey v. Humphrey,* 326 S.W.3d 460, 463 (Ky. App. 2010) (citing *Murphy v. Murphy,* 272 S.W.3d 864 (Ky. App. 2008)). Under the established standard of review, we will "only reverse a trial court's determinations as to visitation if they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the case." *Drury v. Drury,* 32 S.W.3d 521, 525 (Ky. App. 2000). The test is not whether we as an appellate court would have decided the matter differently, but whether the trial court's rulings were clearly erroneous or constituted an abuse of discretion. *Cherry v. Cherry,* 634 S.W.2d 423, 425 (Ky. 1982). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky. 2000).

---

[3] A non-exhaustive list of factors to be considered by trial courts is contained in KRS 403.270.

Here, the trial court twice concluded the risk of endangerment was significant enough to restrict Eddie's visitation, painstakingly setting forth the reasoning behind the decisions in its written orders entered in 2017 and 2018. In its September 3, 2019, order, the trial court recited many of its earlier concerns, yet reversed course and inexplicably increased Eddie's visitation and removed the supervision requirement. In so doing, the trial court focused exclusively on the second prong of the modification standard—risk of endangerment—contained in KRS 403.320(3). However, Eddie was seeking— and was ultimately granted—an increase in visitation. Thus, because the trial court was considering a modification rather than a restriction, the appropriate criterion was the best interests of the children.

Although the trial court concluded granting Eddie joint custody of the children would not be in their best interests, no mention was made of best interests in relation to the visitation schedule and none of the factual findings indicated the trial court considered any of the factors required to make such a determination. Trial courts are required by CR[4] 52.01 to make findings of fact and render conclusions of law based on those facts. *See Anderson v. Johnson*, 350 S.W.3d 453, 454 (Ky. 2011) (holding CR 52.01 requires courts to engage in good faith effort at fact-finding to be included in a written order). The trial court here did neither regarding the best interest factors. Contrary to the holding of the Court of Appeals, nowhere in the trial court's order do we

---

[4] Kentucky Rules of Civil Procedure.

8

discern any consideration of whether expanding visitation would be in the children's best interests nor can we say the trial court ruled on the matter by implication.[5]  Further, none of the findings contained in the order support the modification.

As stated previously, the trial court's sole focus was on risk of harm as is plainly evident from its September 3, 2019, order, and this was clearly the wrong legal standard to be applied.  Any opportunity for meaningful review is foreclosed because the trial court failed to make any findings regarding the statutorily mandated best interests standard.  The Court of Appeals erred by focusing on whether the trial court's findings of fact were supported by substantial evidence while not considering whether those factual findings were sufficient or applicable to the matter to be determined under KRS 403.230(3) and while also seemingly excusing the failure to make the required conclusion of law.[6]  As the trial court failed to apply the correct legal standard, we are constrained to determine it abused its discretion by expanding Eddie's visitation.  Thus, reversal and remand are required.  On remand, the trial court

---

[5] To conclude an implied ruling by a trial court was sufficient would clearly run afoul of the mandates of CR 52.01 as noted in *Anderson*.

[6] We also disagree with the Court of Appeals' determination Heather waived consideration of the issue of the trial court's failure to make the statutorily required findings.  As noted by the dissent in that decision, any argument regarding the trial court's failure to determine the children's best interests was clearly subsumed by Heather's argument Eddie could not even meet the burden of proving the children would not be at risk of endangerment if left unsupervised in his care.  Thus, there was no waiver.

9

is directed to utilize the appropriate legal standard in determining whether to modify the parties' visitation schedule.

Finally, we briefly address Heather's contention the trial court's deviation from its prior orders without requiring Eddie's full compliance was erroneous. In particular, Heather asserts Eddie's failure to show genuine remorse for his actions and accept responsibility for his actions precluded a modification based on the plain language of the June 5, 2018, order requiring same. While the trial court clearly struggled with deciding this difficult case, the record is unclear why Eddie's partial compliance with prior orders was deemed sufficient. This lack of clarity is especially difficult to comprehend considering the trial court's own comments at the hearing on Heather's motion to alter, amend, or vacate, that it was convinced Eddie would never take responsibility for his actions and would therefore be unable to ever comply with that portion of its orders. However, because we are remanding the matter on other grounds and are certain the trial court will appropriately explain this aberration should the issue again arise on remand, we need not now determine the propriety of the trial court's deviation from its prior orders.

For the foregoing reasons, the opinion of the Court of Appeals is reversed, and the matter is remanded to the Whitley Circuit Court for further proceedings consistent with this Opinion.

All sitting. All concur.

10

COUNSEL FOR APPELLANT:

Hailey Scoville Bonham
SCOVILLE-BONHAM & RILEY, PLLC


COUNSEL FOR APPELLEE:

Douglas Glenn Benge
CESSNA BENGE