RENDERED:  AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0531-ME

JASON BENFIELD                                                                APPELLANT


APPEAL FROM BULLITT CIRCUIT COURT
v.        HONORABLE ELISE GIVHAN SPAINHOUR, JUDGE
ACTION NO. 12-CI-00882


MELISSA BENFIELD                                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Jason Benfield appeals the Bullitt Family Court's order denying

his motion to modify his timesharing schedule with his children.  We affirm.

## BACKGROUND

In October 2012, Jason and Melissa Benfield divorced but remained

joint custodians of their two children with an agreement that timesharing be equal.

However, for the month of March 2021, Jason had his children for approximately

39% of the month while Melissa had them for the balance of the month. Jason moved the family court to amend the timesharing schedule to a week-on/week-off schedule, as he believed this would be more equitable, convenient, and beneficial for all involved.

In response, Melissa filed a motion to allow Dr. Kelli Marvin to conduct a custodial evaluation. Jason objected and expressed his belief that an evaluation was unnecessary and not required by statute when the issue is merely whether to change the timesharing schedule; no changes were to be made to the custody agreement itself. The family court granted Melissa's motion, and Dr. Marvin initiated the evaluations. However, Dr. Marvin never completed Melissa's evaluation because she withdrew herself from participating. Melissa argues in her brief that Dr. Marvin chose not to evaluate her because Jason threatened to sue her and file a complaint with the appropriate licensing board. Melissa claims Jason did not like Dr. Marvin's conclusion that Jason was a major source of the parties' contentious relationship. (Appellee's Brief, p. 1.) This was not the first time the parties had difficulty with a psychologist.

During co-parenting therapy sessions, Jason had a strained relationship with a different psychologist, Dr. Kathryn Berla. Jason disliked Dr. Berla's conclusions about his role in the strained relationship between him and his ex-wife. He again threatened legal action against Dr. Berla and threatened to

report her to the appropriate licensing board. Jason's main objection to Dr. Berla, it appears from the record, was his belief that Dr. Berla made misandrist remarks toward him and held misandrist views.

On March 19, 2021, the family court held a hearing on Jason's motion to modify the timesharing schedule. The court heard testimony from Dr. Berla regarding Jason's behavior in therapy and his threats of reporting her. She also testified about the parties' inability to make meaningful progress and laid blame at Jason's feet. During her testimony, she also expressly stated she did not harbor any biases toward men. Jason wanted to impeach Dr. Berla on this statement by questioning her about her own contentious divorce. Jason argued Dr. Berla's own experience with divorce could show she harbored misandrist views toward men. The family court sustained Melissa's objection to this line of questioning.

Relevant to the family court's ultimate findings, Dr. Berla also testified how Jason viewed the world as transactional and believed he was entitled to more timesharing because he participated in co-parenting therapy. The family court stated Jason viewed "other people [as] exist[ing] to serve [his] ends or are otherwise obstacles to be overcome." (Family Court April 8, 2021 Order, p. 4.)

The family court concluded Jason was immature and lacked good judgment, impeding the progress of the post-divorce effort to co-parent. The court denied Jason's motion to amend the timesharing schedule and added completion of

-3-

co-parenting therapy as a prerequisite to modifying the timesharing schedule in the future. This appeal follows.

## ANALYSIS

Jason contends the family court erred in three instances. First, he says, the family court erred when it denied him cross-examination of Dr. Berla for potential bias or prejudice. He next argues the court abused its discretion in requiring him to complete co-parenting therapy as a condition to timeshare modification. Finally, he says the family court abused its discretion when it reduced his timesharing with his children from the previous schedule; however, Jason advances no legal argument in support of, and does not address, this argument in his brief. Therefore, we consider it waived. We will address his first two arguments in turn.

### Jason's Attempted Impeachment of Dr. Berla

When a family court conducts a hearing pursuant to KRS[1] 403.320(3) the Kentucky Rules of Evidence apply. *See* FCRPP[2] 1; *Lamberson v. Mulrooney*, No. 2017-CA-001708-ME, 2018 WL 4682474, at *1 (Ky. App. Sep. 28, 2018); *Lee v. Smith*, No. 2017-CA-000820-ME, 2018 WL 2386027, at *1 (Ky. App. May 25, 2018). Consequently, the family court's evidentiary rulings are reviewed for

---

[1] Kentucky Revised Statutes.

[2] Kentucky Family Court Rules of Procedure and Practice.

abuse of discretion. *Gonzalez v. Dooley*, 614 S.W.3d 515, 519 (Ky. App. 2020).

Under this standard, we do not disturb the family court's evidentiary rulings unless they were "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

In the criminal context, a trial judge may "impose reasonable limits on defense counsel's inquiry into the potential bias of a prosecution witness, to take account of such factors as 'harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant[.]" *Olden v. Kentucky*, 488 U.S. 227, 232, 109 S. Ct. 480, 483, 102 L. Ed. 2d 513 (1988) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435, 89 L. Ed. 2d 674 (1986)); *see Romero-Perez v. Commonwealth*, 492 S.W.3d 902, 905 (Ky. App. 2016). "So long as a reasonably complete picture of the witness' veracity, bias and motivation is developed, the judge enjoys power and discretion to set appropriate boundaries." *Commonwealth v. Maddox*, 955 S.W.2d 718, 721 (Ky. 1997). Congruent with this caselaw, we note, "[a] family court operating as finder of fact has extremely broad discretion with respect to testimony presented . . . ." *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007); *see Mullins v. Commonwealth*, 956 S.W.2d 210, 213 (Ky. 1997) ("Whether to admit or exclude evidence to ensure the fairness of a trial is within the discretion of

the trial court, and its determination will not be overturned on appeal in the absence of a showing of an abuse of such discretion.").

Thus, pursuant to KRE[3] 611, "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: . . . [p]rotect witnesses from harassment or undue embarrassment." KRE 611(a)(3). Here, we find no abuse of discretion. Under KRE 401, all evidence admitted must be relevant evidence. We find nothing relevant about Dr. Berla's divorce which tends to make the existence of misandry more probable and, therefore, the family court did not err in classifying this line of questioning as harassment. *See* KRE 401; KRE 611. No abuse occurred in the court's exclusion of Jason's attempt to leverage Dr. Berla's personal history so as to scuttle her professional conclusions. We do not find improper the family court's conclusion that this attempted line of questioning was harassing, given these circumstances.

We find no abuse of discretion.

*Family Court's Order Denying Modification of the Timesharing Schedule*

A family court's authority to modify a timesharing schedule is statutory. KRS 403.320(3). Under this statute, "The court may modify an order granting or denying visitation rights whenever modification would serve the best

---

[3] Kentucky Rules of Evidence.

interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health." *Id.* The Kentucky Supreme Court noted the terms "visitation" and "timesharing" are interchangeable and carry the same meaning. *Layman v. Bohanon*, 599 S.W.3d 423, 429 (Ky. 2020) (citing *Anderson v. Johnson*, 350 S.W.3d 453, 455 n.1 (Ky. 2011) (citing *Pennington v. Marcum*, 266 S.W.3d 759, 765 (Ky. 2008))).

A family court enjoys broad discretion when considering whether and to what extent to modify a timesharing schedule. *Pennington*, 266 S.W.3d at 769. Consequently, appellate courts "only reverse a [family] court's determinations as to visitation if they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the case." *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000). "Due regard shall be given to the opportunity of the [family] court to judge the credibility of the witnesses." *Humphrey v. Humphrey*, 326 S.W.3d 460, 463 (Ky. App. 2010) (citing *Murphy v. Murphy*, 272 S.W.3d 864 (Ky. App. 2008)).

There is no suggestion the children's health was ever in serious danger; therefore, the applicable standard requires "reasonable timesharing . . . in the best interests of the children . . . ." *Layman*, 599 S.W.3d at 431-32.

On review, we "consider whether the family court properly found that the arrangement was in the best interests of the children." *Id.* at 432. That is, the family court's ruling will be affirmed as properly finding the current schedule is in the children's best interests unless Jason can direct us to evidence sufficiently compelling to convince this reviewing Court of the contrary. We considered Jason's arguments and reviewed to record where he has directed this Court and conclude the family court's order denying modification is proper.

In *Layman*, the Supreme Court concluded "the family court's . . . amended [timesharing] order discussed relevant factors that support the modification . . . ." *Id.* at 433. Here, too, the family court's order denying modification appropriately discussed the relevant factors. The family court's order addressed the parties' lack of progress in co-parenting therapy, Jason's unseemly behavior, and his lack of appropriate cooperation. When the family court reached conclusions about Jason that did not support his motion, it was not abusing discretion but simply carrying out the charge imposed upon family courts by KRS 403.320(3) to weigh the evidence and make conclusions on the credibility of witnesses. *See* KRS 403.320(3); *Humphrey*, 326 S.W.3d at 463.

Furthermore, the family court's requirement that Jason and Melissa complete co-parenting therapy sessions easily falls within the court's discretion. Its conclusion that co-parenting therapy is in the best interest of the children cannot

be classified as an abuse of discretion.  Thus, just as in *Layman*, "[w]e believe that, in this case, the factors listed in the family court's order[] are sufficient to satisfy the best interests of the children standard."  *Layman*, 599 S.W.3d at 433.

## CONCLUSION

For the foregoing reasons, we affirm the Bullitt Family Court's April 8, 2021 order denying Appellant's motion to modify his timesharing schedule.

ALL CONCUR.


BRIEF FOR APPELLANT:

Wallace N. Rogers
Louisville, Kentucky

BRIEF FOR APPELLEE:

Tammy R. Baker
Shepherdsville, Kentucky