RENDERED: FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0067-MR

CHRISTINE KESLER (FORMERLY
ULERY)                                                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 22-CI-500669


DOUGLAS ULERY                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, ECKERLE, AND KAREM, JUDGES.

KAREM, JUDGE: Christine Kesler ("Christi") appeals from the Jefferson Circuit

Court's orders modifying the parties' timesharing arrangement. Based on our

review of the record and applicable law, we affirm the Jefferson Circuit Court's

orders.

## FACTUAL AND PROCEDURAL BACKGROUND

Christi and Douglas A. Ulery ("Doug") were married in April 2018 and separated in January 2022. Doug filed a petition for dissolution on March 8, 2022. Doug and Christi are the parents of one minor child, H.U., who was born in May 2021 ("Child"). After the parties' separation, Christi moved back to her home state of Indiana, where she continues to live.

Following mediation, the parties entered into a Partial Marital Settlement Agreement on July 27, 2022 (the "Agreement"), which provided for joint legal custody of Child. As to parental visitation and timesharing, the Agreement said as follows:

> PARENTING PLAN: The parties agree that they are both suitable appropriate parents. The parties enter into the schedule below knowing that [Doug's] parenting time will be expanded as the child ages such that at a minimum, when the child reaches age 4, she shall spend alternate weeks with each parent during the summer to attend summer camps during the day.
>
> . . .
>
> [Doug] shall have parenting time every other Thursday evening beginning at 6:00 p.m. until Sunday at 5:00 p.m. beginning on Thursday July 28, 2022. The parties shall continue to meet for the exchange mid-way unless they agree otherwise in writing in advance.
>
> [Doug] shall have daily Facetime calls with the parties' daughter when she is with [Christi]. [Christi] shall have the same opportunity when the child is with [Doug].

On August 21, 2023, Doug filed a motion requesting modification of the regular parenting schedule due to changes in his work schedule allowing him to work from home two (2) days each week. Instead of starting his parenting time every other Thursday evening, he requested parenting time to begin every other Tuesday evening. Doug filed a renewed motion for modification of the parenting schedule on December 12, 2023, after mediation was unsuccessful.

The circuit court held a hearing on November 1, 2024, and entered an order on December 6, 2024, granting Doug's request for modification of parenting time. The circuit court denied Christi's motion to alter, amend, or vacate on January 8, 2025. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

As a preliminary matter, Doug argues that Christi's brief is deficient under Kentucky Rule of Appellate Procedure ("RAP") 31(E)(4), failing to make appropriate citations to the record, and RAP 32(A)(2), failing to segregate the Statement of Points and Authorities from the issue of law. We also note Christi has failed to provide any preservation statement as required by RAP 32(A)(4). As punishment for the brief's deficiencies Doug requests that we dismiss the appeal. As discussed by a panel of this Court, "[i]t is a dangerous precedent to permit appellate advocates to ignore procedural rules." *Hallis v. Hallis*, 328 S.W.3d 694,

696 (Ky. App. 2010). "They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Id.* (citations omitted). "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Id.* (citation omitted).

Given the important nature of child timesharing cases, we are not inclined to strike Christi's brief in its entirety or any portions thereof and we will proceed with a full review of the issues. However, we warn counsel that in the future this Court may not be so tolerant, and we admonish counsel to strictly follow the rules or risk having any future briefs stricken and/or being held in contempt.

Christi first argues that the circuit court abused its discretion in its time allocation for the hearing on Doug's motion to modify timesharing. Specifically, she contends that the circuit court erred in scheduling the matter for a half-day hearing rather than a full-day hearing. As stated by the Kentucky Supreme Court:

> The trial court "is vested with a large discretion in the conduct of the trial of causes and an appellate court will not interpose to control the exercise of such discretion by a court of original jurisdiction, unless there has been an

-4-

abuse or a most unwise exercise thereof." In exercising that discretion, "a trial court clearly has the power to impose reasonable time limits on the trial of both civil and criminal cases[.] As long as these trial time limits are not arbitrary or unreasonable we will not disturb the court's decision on review." The trial court also has "discretion 'to . . . control . . . the amount of evidence produced on a particular point.'"

*Addison v. Addison*, 463 S.W.3d 755, 762 (Ky. 2015) (cleaned up) (citations omitted).

Notably, Christi did not file a motion seeking a full day hearing. Most importantly, both Doug's and Christi's counsel were present on August 28, 2024, when the circuit court scheduled the half-day hearing date for November 1, 2024. Moreover, the court issued a written order on August 30, 2024, stating the hearing date and allotting one-half day. The circuit court included Christi's counsel in the distribution list for the August 30, 2024, order. If Christi believed it necessary, she had approximately two (2) months between the date the circuit court entered the scheduling order on August 30, 2024, and the hearing date of November 1, 2024, to file a motion requesting a full-day hearing. We can discern no error.

Moreover, Christi alleges that the circuit court gave Doug 2.25 hours of the three (3) hours allotted to present his case. However, as both the circuit court and Doug noted, almost an hour of that testimony was devoted to Christi's counsel's cross-examination and, as stated by the circuit court, "that time is charged to her." Again, we discern no abuse of discretion.

Christi next argues that Kentucky Revised Statute ("KRS")

403.340(2) prohibited the circuit court's modification of parenting time in this

case. Under KRS 403.340(2),

> [n]o motion *to modify a custody decree* shall be made
> earlier than two (2) years after its date, unless the court
> permits it to be made on the basis of affidavits that there
> is reason to believe that: (a) The child's present
> environment may endanger seriously his physical,
> mental, moral, or emotional health[.]

(Emphasis added.) However, KRS 403.320(3) governs the modification of a

parent's *visitation schedule* with his or her minor child. Under that statute, "[t]he

court may modify an order granting or denying visitation rights whenever

modification would serve the best interests of the child[.]" *Id.* As the Kentucky

Supreme Court has noted, "the terms visitation and timesharing are used

interchangeably." *Pennington v. Marcum*, 266 S.W.3d 759, 765 (Ky. 2008).

We further note that the family court has broad discretion in

modifying timesharing. *Id.* at 769. Thus, we "will only reverse a trial court's

determinations as to visitation if they constitute a manifest abuse of discretion, or

were clearly erroneous in light of the facts and circumstances of the case." *Drury*

*v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000) (citation omitted). Furthermore,

"[d]ue regard shall be given to the opportunity of the trial court to judge the

credibility of the witnesses." *Humphrey v. Humphrey*, 326 S.W.3d 460, 463 (Ky.

App. 2010) (citation omitted).

In the case *sub judice*, Doug did not seek modification of the custody decree but rather modification of the visitation schedule. Thus, the applicable statute is KRS 403.320(3), and we must review whether the circuit court properly found that the visitation modification was in Child's best interests. Here, the circuit court's order discussed relevant factors that supported the modification. For example, the circuit court stated:

> Both parties complain about difficulties with travel and exchanges. Christine must leave work early on Thursdays to meet Doug by 6:00 p.m. Doug believes the number and frequency of exchanges are difficult for [Child]. The current schedule requires [Child] to be in the car for nearly 5 hours to visit Doug for an extended weekend. Both parties agree that [Child] is irritable and tired after exchanges.
>
> . . .
>
> Doug and Christine are both loving, knowledgeable, and engaged parents. They have each been involved in [Child's] care throughout her life. They each provide a safe, stable home for [Child]. [Child] is very well-bonded to both of her parents, and to her extended family on both sides. [Child] is, by all accounts, happy, healthy, active, developmentally on-target, and well-adjusted.
>
> There have been at least two continuing changes that warrant review of the current timesharing schedule. Doug has obtained new employment, which allows him to spend more time at home with [Child]. And, unfortunately, Christine has engaged in a pattern of behavior that appears to minimize Doug's involvement in [Child's] life.

We believe that, in this case, the factors listed in the circuit court's orders are sufficient to satisfy the best interests of the child standard. Accordingly, we hold that the circuit court did not err in modifying the timesharing schedule.

## **CONCLUSION**

For the foregoing reasons, we affirm the Jefferson Circuit Court's December 6, 2024, order modifying the visitation schedule and its January 8, 2025.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Elizabeth M. Dodd
Louisville, Kentucky

BRIEF FOR APPELLEE:

Katie M. Brophy
Louisville, Kentucky