Jeffrey Stephen KULAS, Appellant,

v.

Julie Ann KULAS, Appellee.

No. 93–CA–2813–MR.

Court of Appeals of Kentucky.

May 12, 1995.

Charles C. Leadingham, Flatwoods, for appellant.

Roger W. Hall, Hall, Howell & Sergent, P.S.C., Ashland, for appellee.

Before EMBERTON, McDONALD and SCHRODER, JJ.

*OPINION*

McDONALD, Judge.

The parties to this appeal married in August of 1990 and separated the next July.

The union, though brief, produced a child, Stephan Alexander Kulas, who was born in November 1990. The parties executed a separation agreement which was incorporated into the decree of dissolution. The agreement provided that Julie Kulas[1] would be the child's custodial parent and that the appellant, Jeffrey Stephan Kulas, would have visitation according to the Boyd Circuit Court visitation schedule with a significant exception: instead of alternate weekend visitation from Friday to Sunday, Jeffrey was allowed alternate weekend visitation from Wednesday at 5:30 p.m. to the following Sunday.

Although the parties were initially able to work things out amicably, problems arose. Visitation with Stephen Alexander[2] became an on-going source of skirmishes both in and out of court. Julie was particularly displeased when Jeffrey would schedule vacation time so that it would coincide with a weekend visitation. The Boyd Circuit Court visitation schedule allows for the non-custodial parent four weeks of vacation with his or her child yearly. By scheduling a week's vacation with an alternate weekend visitation, Jeffrey managed to have the child for a week and a half. In an order entered in July 1992, the trial court cautioned Jeffrey that he should schedule his four weeks' vacation so as not to "piggy back" them onto his regular weekend visitation.

That fall Julie moved the court to modify that portion of the decree relating to visitation. Specifically, she requested Jeffrey be limited to the visitation allowed by the court-approved schedule. She alleged Jeffrey had again attached a week's visitation to a regular weekend visitation. After a hearing, the trial court disposed of the matter as follows:

> The motion to schedule visitation according to the visitation guidelines adopted by the Boyd Circuit Court be and is hereby SUSTAINED for the reason that [Jeffrey] has been advised by the Court in previous orders that "piggy backing" is of concern to the Court.

Jeffrey has appealed the court's order reducing his visitation privileges. He argues that the trial court erred in modifying the decree regarding visitation without a requisite finding that the modification was in the child's best interest, and that the trial court further erred in restricting his visitation without any evidence that the visitation would in some way seriously endanger his child.

KRS 403.320 is the controlling statute. It reads:

> 403–320. Visitation of minor child.
>
> (1) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health. Upon request of either party, the court shall issue orders which are specific as to the frequency, timing, duration, conditions, and method of scheduling visitation and which reflect the development age of the child.
>
> (2) If domestic violence and abuse, as defined in KRS 403.720, has been alleged, the court shall, after a hearing, determine the visitation arrangement, if any, which would not endanger seriously the child's or the custodial parent's physical, mental, or emotional health.
>
> (3) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health.

We agree with the appellee that the trial court did not "restrict" Jeffrey's visitation rights as that term is contemplated by KRS 403.320(3). As used in the statute, the term "restrict" means to provide the non-custodial parent with something less than "reasonable visitation."

---

1. The appellee is referred to throughout this appeal by her married name, although the record reveals the court restored her to her previous name of Julie Ann Dolin.

2. The child's name is even a source of conflict between the parties: Julie and members of her family call him "Alex"; Jeffrey and his family refer to him as "Stephen."

Clearly the trial court merely modified Jeffrey's visitation rights which the statute allows "whenever modification would serve the best interests of the child[.]" However, the trial court made absolutely no findings on the issue of whether Stephen Alexander would be better served by spending fifty-some less days per year with his father. In fact, it is apparent that the appellant's visitation was reduced to punish Jeffrey for "piggy-backing." [3] Additionally, the evidence provides no fodder for a finding that the child's best interests would be served by the modification. The appellee acknowledged that the appellant took good care of their child and that he was a good father. The appellant utilizes his vacation time to take the child to see grandparents and other relatives who live out-of-state. He drives round trip between Lexington, where he resides, and Ashland, where Julie and the child reside, every other Wednesday to spend a few hours with his child in addition to the alternate weekend visitation.

It is a sad commentary that we review so many cases where the father shows little or no interest in his children. Here, the appellant bargained for and received liberal visitation with his child. It is sadder commentary that the trial court would find it appropriate to discourage a non-custodial parent so intent on maintaining a close and involved relationship with his child where no circumstances exist to warrant such action. *See, e.g., Smith v. Smith,* Ky.App., 869 S.W.2d 55 (1994). In any event, the modification provisions of KRS 403.320(3) are not to be utilized to punish an errant parent. Accordingly, the judgment is reversed and remanded with directions that provisions of the original decree regarding visitation be reinstated.

All concur.

---

[3]. Because Jeffrey gets the child every other Wednesday through Sunday, it is possible to avoid piggy-backing only if he starts a week's vacation on Tuesday and ends on a Monday. Otherwise, any vacation involving a normal work week would either attach to the beginning or end of his regular visitation.