Kevin DRURY, Appellant,

v.

Kimberly DRURY, Appellee.

No. 1999–CA–001638–MR.

Court of Appeals of Kentucky.

Oct. 27, 2000.

Patricia Tierney Kidd, Louisville, KY., for appellant.

Danny Butler, Butler, Butler & Hudson, Greensburg, KY., for appellee.

Before BARBER, EMBERTON, and KNOPF, Judges.

## OPINION

KNOPF, Judge.

This is an appeal from a custody and visitation determination by the Taylor Circuit Court in a dissolution action. The appellant contends that the trial court's use of the standard visitation schedule did not comply with the requirements of KRS 403.320. Finding that the trial court did not abuse its discretion in applying the visitation schedule, we affirm.

The appellant, Kevin Drury, and the appellee, Kimberly Drury, were married on February 1, 1986. Two children were born of the marriage: Cody, born January 23, 1990; and Tyler, born June 12, 1994. The parties separated in October 1996, and Kimberly filed a petition for dissolution of marriage shortly thereafter.

The only matter at issue in this appeal concerns the trial court's determinations as to Kevin's visitation with the children. During the separation period, the parties worked out a temporary shared custody arrangement whereby each parent had the children half of the time. While both parties agreed that joint custody was appropriate, they could not agree as to visitation or who would be the residential custodian. The issue was submitted to the trial court based upon the depositions of both parties and several other witnesses.

On February 26, 1999, the trial court entered findings of fact, conclusions of law, and a decree of dissolution of marriage. The court found that both parties should have joint custody of the children, and it designated Kimberly as the residential custodian. The trial court awarded Kevin visitation with the children based upon the visitation schedule adopted in that circuit. The standard visitation schedule adopted in the 11th Judicial Circuit sets out typical visitation provisions. Essentially, the non-custodial or non-residential parent has visitation with the children on alternate weekends, and one evening visitation during the week. In addition, the non-residential custodian is entitled to two two-week vacation periods with the children during the summer. The standard visitation schedule also provides for holiday and birthday visits, as well as visitation during other school holidays.

Thereafter, Kevin filed a motion pursuant to CR 59.05 to alter, amend or vacate the visitation order. Specifically, he requested that the visitation schedule be altered to reflect the fact that the parties live approximately 40 miles apart, rather than the 30 miles stated in the order. In addition, Kevin asked the trial court to grant him an additional overnight visitation on Sunday nights of his alternate weekend visitation, and to extend his Wednesday evening visitation to allow the children to stay with him overnight. The motion was submitted to the trial court following a brief hearing on June 4, 1999. In an order entered on July 14, the trial court denied the motion to modify visitation, but did amend the order to reflect the actual distance between the parties' residences. Kevin now appeals.

█ Primarily, Kevin argues that the trial court failed to make a visitation determination based upon the facts of the case. He takes great issue with the trial court's reliance on its standard visitation schedule. Pursuant to SCR 1.040, the 11th Judicial Circuit has adopted local rules of practice and procedure. Local Rule 14 D provides as follows:

The Standard Visitation Schedule has been adopted in the 11th Judicial Circuit. When specific visitation is request-

ed by either party, and the parties live within 100 miles of each other, the Court shall order visitation according to the Schedule, unless the parties, by agreement, or the Court, after hearing evidence, determines that such visitation should be modified. Attorneys may contact the Secretary of the Judge for a copy.

Kevin asserts that the trial court gave undue weight to the terms of the standard visitation schedule, and failed to award visitation in accord with KRS 403.320. We disagree with Kevin that the trial court's use of the standard visitation schedule constituted an abuse of discretion in this case. However, the trial court's use of the standard visitation schedule raises a significant issue which we shall address at some length.

■■■ A trial court may not adopt a practice which contradicts any substantive rule of law or any rule of practice and procedure promulgated by the Supreme Court. *Abernathy v. Nicholson,* Ky., 899 S.W.2d 85, 87 (1995). Any local rules placed into effect by the Chief Judge must be in accordance with SCR 1.040 and consistent with the Rules of Civil Procedure, Rules of Criminal Procedure, and Rules of the Supreme Court. *Brutley v. Commonwealth,* Ky., 967 S.W.2d 20, 23 (1998). Furthermore, it should go without saying that local rules must be consistent with statutes enacted by the General Assembly.

■■■ The language of the local rule is problematic because it suggests that the standard visitation schedule should be deemed to be reasonable visitation unless a parent shows grounds for modifying it. Such an interpretation conflicts with KRS 403.320, which requires the trial court to make findings regarding visitation based upon the facts of the particular case. Furthermore, a standard visitation order, even to the extent that it has been adopted as a local rule, is not binding until it has been entered as an order in a particular case. Thus, the local rule can not be interpreted

as requiring a parent to prove grounds for modifying an existing visitation order, as under KRS 403.340.

■■ Nevertheless, we do not find that the local rule inherently conflicts with KRS 403.320, although we recognize that the potential for conflict exists. Under KRS 403.320(1), a non-custodial parent is entitled to:

reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health. Upon request of either party, the court shall issue orders which are specific as to the frequency, timing, duration, conditions, and method of scheduling visitation and which reflect the development age of the child.

■■■ What constitutes "reasonable visitation" is a matter which must be decided based upon the circumstances of each parent and the children, rather than any set formula. When the trial court decides to award joint custody, an individualized determination of reasonable visitation is even more important. A joint custody award envisions shared decision-making and extensive parental involvement in the child's upbringing, and in general serves the child's best interest. *Squires v. Squires,* Ky., 854 S.W.2d 765, 769 (1993). Thus, both parents are considered to be the "custodial" parent, although the trial court may designate where the child shall usually reside. *Aton v. Aton,* Ky.App., 911 S.W.2d 612 (1995). The "residential" parent does not have superior authority to determine how the child will be raised, and major decisions concerning the child's upbringing must be made by both parents. *Burchell v. Burchell,* Ky.App., 684 S.W.2d 296, 299 (1984). A visitation schedule should be crafted to allow both parents as much involvement in their children's lives as is possible under the circumstances.

■■■ We further emphasize that trial courts should not give undue weight to the

terms of a "standard" visitation order. Frequently, judicial circuits or trial courts prepare these documents to aid the trial court in drafting visitation orders. As in the present case, these documents contain "typical" visitation schedules, as well as recitations of common conditions for managing visitation. However, the use of a standard visitation order should not supplant the trial court's obligation to make its own findings of fact as required by CR 52.01. *See also Bingham v. Bingham*, Ky., 628 S.W.2d 628 (1982).

■ Therefore, we hold that when either party requests specific findings regarding visitation, the trial court must make a *de novo* determination of what amount of visitation is appropriate, and enter a visitation order accordingly. The terms of a standard visitation schedule may be considered among all other options. However, the trial court should not make any presumption in favor of a standard visitation schedule.

■ At the same time, we recognize that, in the absence of an agreement between the parties, the trial court has considerable discretion to determine the living arrangements which will best serve the interests of the children. Furthermore, joint custody does not require an equal division of residential custody of the children. *Squires*, 854 S.W.2d at 769. As with the standard visitation schedule, the trial court may consider whether continuation of a shared custody arrangement would be in the best interests of the children. On the other hand, the trial court was not obligated to continue the temporary shared custody arrangement which Kevin and Kimberly had been following.

■ Consequently, we do not hold that a trial court's use of a standardized visitation schedule is automatically grounds for reversal, even in a case involving an award of joint custody. Rather, this Court will only reverse a trial court's determinations as to visitation if they constitute a manifest abuse of discretion, or

were clearly erroneous in light of the facts and circumstances of the case. *Wilhelm v. Wilhelm*, Ky., 504 S.W.2d 699, 700 (1973). We would consider it an abuse of discretion for a trial court to give presumptive weight to a standard visitation schedule, requiring the non-residential parent to prove why that schedule should not be applicable. We do not perceive that such is the case here.

Kevin criticizes the trial court for not taking any additional evidence at the hearing regarding his motion to increase visitation. However, he did not attempt to offer any such evidence at the June 4, 1999 hearing. The trial judge specifically stated that he would take the motion under submission and render a decision after reviewing the record. Kevin did not object at that point or ask for an evidentiary hearing. Therefore, we find that the visitation issue was properly submitted on the evidence and depositions which were already of record.

After reviewing the record in this case, we are not convinced that the trial court made an improper presumption in favor of the standard visitation schedule, or that it abused its discretion regarding the amount of visitation. It is undisputed that both Kevin and Kimberly are good, loving, and devoted parents. The trial judge acknowledged that allocating residential custody and visitation among two such deserving parents is always difficult. The court also assured the parties that it would thoroughly review the record and the depositions prior to ruling on Kevin's motion to modify visitation.

We are satisfied that the trial court considered the facts and circumstances of the particular case in reaching its conclusion to substantially follow the standard visitation schedule. Although Kevin's request for additional visitation appears reasonable, we cannot find that the trial court abused its discretion in denying the motion. In particular, Kimberly objected to the additional early morning travel which Kevin's requested visitation would entail. The trial

court's apparent agreement with this argument was well within its discretion.

■ Lastly, Kevin complains that the trial court's use of the standardized schedule makes it difficult to schedule his summer visitations without either "piggy-backing" onto his regular weekend visitation, or foregoing a weekend visitation altogether. *See Kulas v. Kulas,* Ky.App., 898 S.W.2d 529 (1995). Although the visitation order is somewhat ambiguous in this regard,[1] we find that this issue is not properly presented in this appeal. The issue arose after Kevin filed a notice of appeal from the trial court's order denying his motion to modify visitation. On August 17, 1999, approximately two months after the filing of the notice of appeal, Kimberly filed a motion to hold Kevin in contempt, apparently because he attempted to overlap an alternate weekend visitation with a summer vacation visitation. Kevin responded with a motion to sanction Kimberly for filing a frivolous motion. On August 23, 1999, the trial court denied both motions.

The "piggy-backing" issue was not part of the order from which this appeal was brought. Since the issue was not raised in the proceeding below prior to the filing of the notice of appeal, we conclude that it is not properly presented on appeal. Moreover, we find nothing in the record showing that the trial court has formally interpreted the disputed provisions of the visitation order. Consequently, the issue of whether Kevin is permitted to "piggy-back" his alternate weekend visitation period onto the summer visitation period is not ripe for our review.

In conclusion, we certainly encourage Kevin's desire to be involved actively in his children's lives. A trial court's visitation orders should attempt to provide the non-residential parent with the greatest amount of visitation which is reasonable under the circumstances. Unfortunately, in custody proceedings it is seldom possible for a trial court to impose a visitation regime which makes both parties happy. For this reason, matters involving visitation rights are held to be peculiarly within the discretion of the trial court. Standard visitation schedules are a tool which the trial court may use to aid in the exercise of this discretion. Nonetheless, trial courts should take care not to use the standard schedule as a substitute for its statutory obligation to determine the most appropriate visitation. In this case, however, we find no indication that the trial court failed to adequately consider the circumstances of both parents and the children.

Accordingly, the judgment of the Taylor Circuit Court is affirmed.

ALL CONCUR.

---

1. The visitation order gives Kevin a four-week visitation period with the children during the summer, "provided there shall be no continuous visitation period longer than two weeks at one time". Nonetheless, there is nothing in the visitation schedule which would require Kevin to forego a regular alternate weekend visitation should it coincide with the beginning or the end of a summer visitation period. In contrast, the visitation order sets out clearly how holiday and birthday visitation will affect a regular alternate weekend visitation. Thus, if the trial court has concerns about "piggy-backing", then the visitation order may need to be clarified.