RENDERED:  JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1102-MR

ASHLEY SEXTON                                                          APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE W. KENT VARNEY, JUDGE
ACTION NO. 09-CI-00624

CHRISTOPHER PHILLIP SEXTON                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Ashley Sexton (Mother) appeals from an order of the Pike

Circuit Court, Family Division granting the motion of Appellee Christopher Phillip

Sexton (Father) to modify timesharing such that Father is the primary residential

custodian and Mother is granted visitation.  Mother asserts that the court erred in

failing to properly apply KRS[1] 403.340 and abused its discretion by not denying the motion according to the wishes of the child. We affirm.

## I.     Background

The parties to this dispute were married in August 2003 and had one child together, C.R.S. The marriage was dissolved in August 2009. The parties were granted joint care, custody, and control of C.R.S. Mother was previously the primary custodial parent and Father had standard visitation privileges according to the court's recommended visitation schedule.

In March 2018, Father moved to modify the timeshare agreement, appoint a guardian *ad litem*, and re-enroll C.R.S. in school. The court appointed a guardian *ad litem* but overruled the motion to modify the initial timeshare agreement. Father brought a second motion to modify timesharing in December 2018. The motion was followed by two supplemental motions which alleged that Mother (1) refused to share information as to C.R.S.'s medical decisions; (2) failed to ensure that C.R.S. attended school on a regular basis; and (3) denied visitation to Father on multiple occasions. Father included several exhibits highlighting C.R.S.'s attendance and grade reports and the marked improvement that had occurred while under Father's care. In October 2020, the court ordered that both parties ensure schoolwork assigned to C.R.S. is completed and that parties provide

---

[1] Kentucky Revised Statutes.

monthly updates to the guardian *ad litem* regarding the minor child's school progress. The court further extended Father's visitation to five days every other weekend to observe the child's academic performance under Father's care.

This matter came before the court for a final hearing in July 2021. Father presented calendars and spreadsheets for C.R.S.'s schoolwork and attendance, showing that C.R.S. completed the majority of his schoolwork while under Father's supervision. The court granted the timesharing modification, holding that it was in the best interest of C.R.S. for Father to become the primary residential custodian and Mother to be granted visitation on the first, second, and fourth weekends of the month. In its order, the court cited several factors contributing to its decision to modify timesharing: (1) C.R.S.'s wish to remain in the custody of Mother and visit with Father; (2) the marked improvement in C.R.S.'s attendance records and grades while in Father's care; and (3) Mother's arrests while this matter was pending.

Mother appealed, seeking to reinstate the original arrangement ordered by the court on October 8, 2020, naming her as primary residential custodian and granting Father visitation. Mother argued that the court erred in granting a modification to an effective timesharing arrangement and in allocating insufficient weight to the wishes of C.R.S. in determining the minor's best interests.

## II.  Analysis

Mother argues (1) the court erred by further modifying the timesharing arrangement and (2) allocated insufficient weight to the wishes of the child in determining best interest of C.R.S.  We are unpersuaded by both of Mother's arguments and affirm the ruling of the court.  We first consider the standard of review, followed by an analysis of both the timesharing and custody modifications, and finally we consider the factors determining the best interest of the child in KRS 403.270.

### A.  Standard of Review

A family court has broad discretion when modifying visitation awards. *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008).  Under the standard of review, a family court's determinations are only reversible "if they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the case."  *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000).  The test is not whether we as an appellate court would have decided the matter differently, but whether the family court's rulings were clearly erroneous or constituted an abuse of discretion.  *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky.

2000). "So long as the trial court properly considers the mandate of KRS 403.270, including giving due consideration to all relevant factors, we will defer to its decision if it is neither clearly erroneous nor an abuse of discretion." *Barnett v. White*, 584 S.W.3d 755, 759 (Ky. App. 2019) (citing *Frances v. Frances*, 266 S.W.3d 754, 759 (Ky. 2008)). Therefore, we review the court's order only for an abuse of discretion, marked by a decision reached by arbitrary, unreasonable, unfair, or unsupported legal principles.

### B. KRS 403.320 – Modification of Timesharing

KRS 403.320 governs the modification of visitation/timesharing and provides that a court may modify same if modification would serve the best interests of the child. Under that statute, "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health." KRS 403.320(3).

"[A] court can modify timesharing if it is in the best interests of the child, but it can only order a 'less than reasonable' timesharing arrangement if the child's health is seriously endangered." *Layman v. Bohanon*, 599 S.W.3d 423, 429 (Ky. 2020). The court could either (1) order a reasonable timesharing schedule if it was in the best interests of the child or (2) order a "less than reasonable"

-5-

timesharing arrangement if the child's health was seriously in danger. This case did not involve danger to the child's health. Thus, we must first consider whether the timesharing arrangement, as modified by the court, was reasonable.

There is no set formula for determining whether a modified timesharing arrangement is reasonable; rather, it is a fact-specific inquiry based upon the circumstances of the case. *Drury*, 32 S.W.3d at 524. A modified timesharing arrangement is not considered unreasonable merely because one parent spends less time with the child than under the original timesharing arrangement. *French v. French*, 581 S.W.3d 45, 50 (Ky. App. 2019).

Under the court's order, Mother received visitation with the child on the first, second, and fourth weekends per month, from Friday at 6:00 PM until Sunday at 6:00 PM, in addition to the majority of the child's summer. Though this reduced the amount of time Mother kept C.R.S., the court emphasized the need to support the child academically and the marked improvement that occurred under Father's care. This timesharing arrangement and modified custody order allows C.R.S. to spend time with Mother over the weekend while prioritizing his studies in the care of Father during the week. Under these circumstances, we do not think that the court ordered less than reasonable timesharing.

Because the court ordered a reasonable timesharing schedule, a modification and not a restriction, we next consider whether the court properly found that the arrangement was in the best interests of the child.

## C. KRS 403.340 – Modification of Custody Order

The court granted joint custody of the child, with Father designated as the primary residential custodian. Modification of a custody order is governed by KRS 403.340, which provides, in relevant part:

> (3) . . . [T]he court shall not modify a prior custody decree unless after hearing it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. When determining if a change has occurred and whether a modification of custody is in the best interests of the child, the court shall consider the following:
>
> (a) Whether the custodian agrees to the modification;
>
> (b) Whether the child has been integrated into the family of the petitioner with consent of the custodian;
>
> (c) The factors set forth in KRS 403.270(2) to determine the best interests of the child;
>
> (d) Whether the child's present environment endangers seriously his physical, mental, moral, or emotional health;
>
> (e) Whether the harm likely to be caused by a change of environment is outweighed by its advantages to him[.]

. . . .

> (5) Subject to KRS 403.315, if the court orders a modification of a child custody decree, there shall be a presumption, rebuttable by a preponderance of evidence, that it is in the best interest of the child for the parents to have joint custody and share equally in parenting time. If a deviation from equal parenting time is warranted, the court shall construct a parenting time schedule which maximizes the time each parent or de facto custodian has with the child and is consistent with ensuring the child's welfare.

Therefore, in considering custody modification, the relevant inquiry under KRS 403.340(3) is whether there has been a change in the circumstances of the child or custodian and then whether the modification of custody is in the best interests of the child. The court considered the factors set forth in KRS 403.340(3) to determine whether a change in circumstances had occurred and whether modification was necessary to serve the best interests of the child. The court specifically found that the previous custodial arrangement did not correlate to the academic success of the minor and that C.R.S. performed better in school under the care of Father.

An examination of the factors enumerated in KRS 403.340 relevant to this inquiry illustrates a modification of circumstances sufficient to constitute a change in the timesharing modification to serve the best interests of C.R.S. Though Mother does not agree with the modification, C.R.S. has shown through a marked improvement in schoolwork that he has successfully integrated into the

environment in the home of Father. There has been no evidence in this case to indicate that the child's environment threatens his health; therefore, subsections KRS 403.340(3)(d) and (3)(e) are inapplicable in this case.

## D. KRS 403.270 – Best Interests of Child

The relevant factors enumerated in KRS 403.270(2) include: the wishes of the parents, the wishes of the child, the relationship of the child and parents, the motivation of the parents, the child's adjustment and proximity to home, school, and community, and the likelihood that a party will allow the child frequent contact with the other parent. KRS 403.270(2). The parents in this case have conflicting wishes; the court found that C.R.S. wishes to remain in the custody of Mother and visit with Father. The successful integration of C.R.S. into Father's home is evidenced by his efforts to improve academically while in Father's care. In an order issued in October 2020, the court had previously expanded Father's visitation to determine if C.R.S. would improve his academic performance under his care. The court found that, prior to the October 2020 order, C.R.S. was failing all of his classes and, after expanded visitation with Father, had raised his grades to all As and Bs.

Father has included multiple pieces of evidence into the record which illustrate his commitment to further support the academic success of C.R.S. This evidence includes academic records from the child's school website, showing a

marked improvement in each subject as well as a statistics sheet which includes an analysis of school assignments completed by C.R.S. under each parent. The statistics sheet shows that over 70% of the minor's schoolwork was completed under the care of Father and the court found that the unrefuted testimony supports this contention. The court also cited the arrests of Mother in support of their findings but noted that the child was not present during either arrest.

The statutory language confirms that subsection (2)(b), relating to the child's wishes as to his or her custodian, is one of several factors the court must consider in determining whether a modification of custody is in the child's best interests. The court properly weighed subsection (2)(b), the wishes of C.R.S. against attendance records and grade improvements under Father's care, along with the arrests of Mother.

Though the court did not include detailed findings as to each factor, the court need not make in-depth findings of fact as contemplated by CR[2] 52.01. If the record as a whole supports its determination, a reviewing court may not set aside the court's decision. *Cherry*, 634 S.W.2d at 425. The record contains sufficient evidence of the child's academic improvement supporting the legal conclusions of the court that it is in the child's best interest to be in the custody and control of his Father. Since the order of the court is supported by substantial

---

[2] Kentucky Rules of Civil Procedure.

evidence, it cannot be construed to be arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, the court's exercise of discretion in the area of custody of the child in this case may not be set aside. Accordingly, the order of the Pike Circuit Court, Family Division is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Timothy A. Parker
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Amber Hunt Sisco
Pikeville, Kentucky