RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0893-MR

FAYE L. CARLL                                                       APPELLANT

v.
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE M. BRENT HALL, JUDGE
ACTION NO. 16-CI-01716

KENNETH C. CARLL, III                                              APPELLEE

OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

COMBS, JUDGE: Faye L. Carll appeals an order of the Hardin Family Court denying her motion to relocate with her minor child, S.C., and with the child's stepfather to Germany in conjunction with her husband's military service. She also challenges the family court's separate order granting the child's natural father, Kenneth Carll, III, unsupervised visitation according to a local rules schedule

consisting of approximately four weeks of a summer visit. After our review, we reverse and remand.

Faye and Kenneth married in Louisiana in February 2010. Kenneth was serving in the military at that time. A daughter, S.C., was born to them in Lakewood, Washington, in 2013. The couple moved with the child to Fort Knox in 2014. They separated in September 2016, and Kenneth filed a petition for dissolution of the marriage.

A domestic violence order was entered against Kenneth in October 2016 prohibiting Kenneth from having contact with both Faye and the child. Kenneth was ordered to undergo a mental health evaluation and to participate in the Batterer's Intervention Program at the army's hospital in Fort Knox. In November 2016, Faye filed a motion seeking sole custody of the child. In January 2017, Kenneth filed a similar motion. Some weeks later, following an evidentiary hearing, a temporary custody order was entered. The family court awarded the parties joint custody of the child, and they were granted equal parenting time. The parties executed a settlement agreement in April 2017 in which they agreed to continue to exercise joint custody of the child. In May 2017, the family court entered a decree of dissolution of the marriage.

In June 2018, Kenneth, filed a motion to modify the parties' parenting time schedule. He explained that Faye had relocated to Ft. Stewart, Georgia. Days

later, Faye filed a motion requesting sole custody of the child. Faye explained that she and the child had been living in Georgia for about a year and that the parenting schedule had been workable until April 2018, when it was interrupted by her concern about the child's safety while in Kenneth's care.

By order entered on October 5, 2018, Kenneth's parenting time was reinstated. The parties met in Chattanooga to exchange the child; they were ordered to remain in their respective vehicles while the child moved from one car to the other. A few weeks later, Faye filed a motion to have Kenneth's parenting time limited to supervised visits.

Faye married Blake Allen in December 2018. Allen is also active-duty military.

In March 2019, the family court ordered the parties to participate in mediation. The mediation proved unsuccessful. As a result, Faye renewed her motion asking the court to limit Kenneth's parenting time to periods of supervised visitation. In May, Faye amended the motion to request that she be awarded sole custody of S.C. She attached an affidavit of the child's therapist to her motion.

By order of the family court entered on June 14, 2019, Kenneth's parenting time was suspended. A *de facto* friend of the court investigator (FOC) was appointed, and Kenneth was ordered to facilitate the release of his military records. The parties were ordered to participate in forensic evaluations.

In August 2019, acting *ex parte*, the superior court for Liberty County, Georgia, issued a temporary protective order. Kenneth was prohibited from any contact with Faye and S.C. Following an evidentiary hearing conducted in September, the Georgia court issued a 12-month protective order prohibiting Kenneth from contacting Faye. It left issues concerning Kenneth's visitation with S.C. to the Hardin Family Court. In November 2019, the family court awarded Kenneth thirty-minutes' telephonic parenting time with the child once each week.

In October 2021, the parties were ordered to participate in another mediation session. Following mediation, a temporary agreed order was entered on January 3, 2022. Kenneth was to exercise supervised parenting time for up to three hours once per month in January, February, March, and April 2022 at a supervision center near Chattanooga. He was to continue with anger management therapy. Parenthetically, we note that near the end of January, Kenneth's minor child, C., became the subject of an order of protection issued by the Jefferson District Court.

On May 17, 2022, the FOC filed her report with the family court. She recommended that Faye be awarded sole custody of the child with Kenneth to continue his supervised visits with S.C. If Kenneth were to implement and complete the recommendations included in his forensic evaluation, the FOC indicated that unsupervised visits might be ordered on a staggered basis.

By agreed order entered on June 7, 2022, Faye was granted *sole custody* of the child. Kenneth's once weekly, thirty-minute telephone visits were to continue. Additionally, he was allowed a thirty-minute video call on Sundays. He could visit with S.C. one weekend per month (alternating between Georgia and Kentucky) for six (6) hours each day at a visitation center. Although Faye would be the child's sole custodian, the parties agreed that if she decided to relocate with the child to a distance farther from Kentucky than Hinesville, Georgia, she would file "a motion to relocate or the parties must agree upon a parenting schedule." In December 2022, Faye advised Kenneth that her husband might be transferred to Europe, and, in that event, she intended to relocate and to take the child with them.

In February 2023, Kenneth filed a motion seeking "local rules visitation" with the child. On March 14, 2023, Faye filed a motion requesting the court's permission to relocate with the child to Grafenwohr, Germany. Her husband, Allen, indicated in his affidavit that he received verbal notice on March 9 that he was being transferred to the U.S. Army Garrison, Bavaria, Germany. The transfer was expected to occur in July 2023. Faye explained that it was in the child's best interest to move with her mother and stepfather to Germany and that the child was excited by the prospect. An agreed order was entered March 31, 2023, authorizing Faye to apply for the child's passport.

On May 12, 2023, the FOC filed a comprehensive supplemental report with the family court. In her report, the FOC observed that the parties agreed that Kenneth's in-person visits once per month were irregular and usually abbreviated by his choice. While Kenneth visited with S.C. as scheduled in June 2022 (immediately following entry of the agreed order permitting these supervised visits), he missed: July entirely, Sunday's visit in August, September entirely, October entirely, Sunday's visit in November, Sunday's visit in December, February entirely, March entirely, April entirely, and May 2023 entirely.

The child reported to the FOC that she regularly spoke with Kenneth by telephone, but she could not remember when she saw him last. She indicated that she would like to see Kenneth more often. S.C. told the FOC that she did everything with her mom and was excited about moving to Germany. She indicated that she would like to spend breaks with Kenneth after she moved to Germany. However, she did not want to spend "lots of weeks" with him. She indicated without reservation that she wanted to move to Germany with her mother and stepfather.

Kenneth told the FOC that he did not want S.C. to relocate to Germany because "[Faye] will not follow any court orders and he will never see [S.C.] again." He admitted that he had agreed by text message to let the child relocate "overseas," but that by that term he had meant Hawaii -- not Europe. The

-6-

FOC reported that Kenneth had made strides toward meeting the recommendations included in his forensic evaluation. She concluded that "a change in [visitation] is warranted due to the progress [Kenneth] has made, [but his] actions and behaviors since June 2022, do not warrant the minor child not being allowed to relocate to Germany with [Faye.]" She noted that Kenneth "through no one's actions but his own, failed to utilize all the [visitation time] that he was allotted."

Ultimately, the FOC recommended that Faye continue as the child's sole custodian and that she be permitted to relocate with S.C. to Germany. She recommended that Kenneth be awarded visitation in accordance with a modified version of Hardin County Local Rules. The FOC suggested that Kenneth and Faye alternate Christmas break and the New Year's holiday; fall and spring break; and that Kenneth exercise visitation for three weeks over the summer break. She indicated that Kenneth should continue his twice-weekly telephone visits with S.C. Finally, the FOC suggested that Kenneth should continue with his individual therapy and that he be ordered to provide to his therapist the specific recommendations included in his forensic evaluation so that appropriate treatment could be provided to him.

Following an evidentiary hearing conducted on May 15, 2023, the family court entered a rather succinct order denying Faye's motion to relocate with

the child to Germany and directing Kenneth's counsel to tender an agreed order for visitation.

On May 23, 2023, Faye filed a motion to alter, amend, or vacate. She observed that unrebutted testimony showed that Kenneth had not met the court's requirements for therapy, anger management, and other treatment before unsupervised visitation might be reinstated. She reviewed proof showing that Kenneth was not permitted unsupervised visitation with his younger child. With respect to her motion to relocate with S.C. to Germany, Faye observed that the family court erred by failing to make findings of fact concerning the child's best interests. Kenneth filed a motion requesting the family court to establish his summer visitation schedule.

In its order entered June 14, 2023, the family court directed that Kenneth could exercise "local rules, unsupervised visitation" with S.C., including a five-week span beginning June 20, 2023. Faye was given telephonic parenting time of five-minutes per day or thirty minutes per week at a time to be set by Kenneth. Faye's motion to alter, amend, or vacate the order denying her motion to relocate to Germany was summarily denied.

The court's further order of July 5, 2023, provided its recollection of testimony presented at the hearing. Kenneth indicated that he was very regular on his Sunday and Wednesday calls. However, he admitted that he had not disclosed

-8-

his history of violence to his current therapist and was not sure whether he had a current treatment plan. The court summarized the testimony of the child's stepfather indicating that she enjoyed a good relationship with him and that he believed it was in her best interest to relocate to Germany because it would allow her to experience the world. Faye confirmed that of the twelve potential visits that Kenneth could have had with S.C. in 2023, he had chosen to visit with her for only six hours on a single occasion. She indicated that she would not move to Germany without the child. Finally, Faye believed that Kenneth was not ready for unsupervised visits with S.C. because he "talks to the child about adult stuff." The court declined to interview the child *in camera*.

The court stated that it denied Faye's motion to relocate "because it does not appear that there is any evidence of any benefit to the child going to another country." It found that "there is no benefit regarding the child being taken that far away from her father when her father visits regularly . . . ." Instead, it determined that "[t]he benefit is only for the stepfather's military career and [Faye's] desire to follow [him]." Finally, it concluded as follows:

> with the mother saying that "she would not leave
> [without the child]," then the Court does not have to
> consider changing anything at all in this matter. [Faye]
> can still be the custodian of the child and [Kenneth] can
> still get his visitation in this matter as [Faye] will not go
> to Germany without the child.

This appeal followed.

On appeal, Faye argues first that the family court erred by modifying Kenneth's visitation to permit extended, unsupervised visits with S.C. in accordance with a standard visitation schedule adopted locally without making sufficient findings of fact and drawing the relevant conclusions of law. We agree.

We review the family court's decision to modify the nature of a parent's visitation schedule for abuse of discretion. *Pennington v. Marcum*, 266 S.W.3d 759 (Ky. 2008). We review its factual findings for clear error, intervening only where the family's court's findings of fact are not supported by substantial evidence. *Miranda v. Miranda*, 536 S.W.3d 196 (Ky. App. 2017). However, we review its application of relevant statutory provisions *de novo*. *Adamson v. Adamson*, 635 S.W.3d 72 (Ky. 2021).

Modification of a non-custodial parent's visitation is governed by the provisions of KRS[1] 403.320(3). It provides that a family court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child. In *Layman v. Bohanon*, 599 S.W.3d 423 (Ky. 2020), the Supreme Court of Kentucky construed KRS 403.320(3) to mean that visitation can be modified only where the family court finds that modification is in the child's best interests.

---

[1] Kentucky Revised Statutes.

Faye contends that the family court erred by modifying Kenneth's limited, supervised visitation without concluding that the sudden expansion in visitation was in S.C.'s best interests. Furthermore, she argues that the court erred by failing to discuss how the "local rules visitation" schedule was suitable under the specific circumstances of this case.

We give due regard to the family court's assessment of the evidence, including the credibility of the witnesses. *Jones v. Jones*, 617 S.W.3d 418 (Ky. App. 2021); *Moore v. Asente*, 110 S.W.3d 336 (Ky. 2003). However, a family court is required to apply the established legal standard to reach its conclusions of law based on the findings of fact derived from the evidence presented.

In this case, in its order of July 5, 2023, the family court identified many facts relevant to any determination that a modification in Kenneth's visitation was warranted. It noted that Kenneth was not permitted unsupervised visits with his younger child; that Kenneth was not sure whether he had a treatment plan; that Kenneth regarded anger management therapy as "good for helping him to develop coping skills" but that he had only a single session in 2023 -- despite an opportunity to attend four more; that Kenneth failed to tell his therapist about his past acts of violence; that Kenneth missed many visits in Georgia because he was unhappy with Georgia's visitation centers; that Kenneth missed his scheduled visits in Kentucky; that Kenneth supplied S.C. with a cell phone without first

-11-

consulting Faye, the custodial parent; and that Faye had neglected to supply Kenneth with the child's school records.

The court noted Faye's strong opposition to modifying Kenneth's visitation to unsupervised visits for reasons including the nature of his conversations with the child and her feeling that Kenneth would never change. The court recounted that Faye admitted that S.C. loved Kenneth; it duly noted Allen's view that S.C.'s relationship with Kenneth was "not bad." From this evidence, the family court found that Kenneth visited with S.C. regularly and that he has a good relationship with her. It found that "the child does well with [Kenneth] and [Kenneth] has done well working his case plan and getting into therapy and doing the things he needed to become a better father." Furthermore, it found that "[Kenneth] has developed coping skills that the Court thought were not possible for him to do several years ago."

Whether these findings are adequately supported by the record is subject to our review. However, the family court failed to include in its order any conclusion of law to indicate how these findings supported a modification in Kenneth's visitation. More significantly, it failed to explain or even consider whether modification in Kenneth's visitation was in S.C.'s best interest. We conclude that the family court's findings -- even if somewhat supported by the evidence -- were minimal at best. Most significantly, the court failed to apply the

proper legal standard regarding the best interest of S.C. Therefore, we are compelled to reverse and remand this matter back to the family court.

A decision to modify visitation to a standard schedule provided by local rules must necessarily include findings regarding reasonable visitation based upon the facts of each particular case. *Drury v. Drury*, 32 S.W.3d 521 (Ky. App. 2000). Each of these determinations falls within the exclusive purview of the family court. As a reviewing court, we are not at liberty to make them instead of the family court. *Turner v. Turner*, 672 S.W.3d 43 (Ky. App. 2023). That will be the task of the family court on remand.

With respect to Faye's motion to relocate with the child to Germany, the family court found that "[t]here was no independent evidence of any best interest." In light of Faye's statement that she would not leave the country without the child, the family court expressly declined to "consider changing anything at all in this matter." Faye contends that the court's view of the evidence is patently wrong. However, Kenneth contends that the issue is moot because Allen was transferred to Louisiana (during the pendency of this appeal) where the family now lives. We must agree that a renewed motion to relocate (filed in accordance with the provisions of the agreed order limiting Faye's discretion as sole custodian) would require a fresh evidentiary hearing because we also agree that the issue is moot in light of the change in the family's circumstances.

-13-

In summary, the order of the Hardin Circuit Court concerning a modification of visitation is reversed.  The matter is remanded for the family court's further consideration.

ALL CONCUR.

BRIEFS FOR APPELLANT:

M. Thomas Underwood
Louisville, Kentucky

BRIEF FOR APPELLEE:

Phyllis K. Lonneman
Elizabethtown, Kentucky