RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0766-MR

CHRISTOPHER MICHAEL TORN                      APPELLANT

APPEAL FROM WARREN FAMILY COURT
v.        HONORABLE CATHERINE RICE HOLDERFIELD, JUDGE
ACTION NO. 19-CI-00364

ANGELA KAE TORN (NOW CASTRO);
AND AMY HALE MILIKEN, IN HER
CAPACITY AS THE WARREN COUNTY
ATTORNEY IN THE WARREN COUNTY
CHILD SUPPORT OFFICE                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Appellant, Christopher Michael Torn ("Torn"), appeals from

a post-decree order of the Warren Family Court granting sole custody of his child

to Appellee Angela Kae Torn (now Castro) ("Castro").[1]  Torn argues that Castro failed to establish statutory grounds for a modification of the prior joint-custody award, and the Family Court abused its discretion by failing to set any timesharing under the new award.  On the first issue, we conclude that the Family Court made sufficient findings on the statutory factors to justify a modification of custody.  The Family Court's findings were not clearly erroneous, and its decision to grant sole custody did not amount to an abuse of discretion.  On the second issue, the record clearly shows that Torn waived his right to immediate timesharing.  Hence, we affirm.

Torn and Castro married in 2015 and separated in 2019.  One child, A.K.T. ("Child") was born of the marriage.  At the time of the parties' separation, Castro sought and obtained a Domestic Violence Order ("DVO").  The DVO granted Castro temporary sole custody of Child.  Pursuant to that custody order, Torn exercised supervised visitation with Child.

On March 15, 2019, Torn filed a petition for dissolution of the marriage.  In September of 2019, the parties entered into a Settlement Agreement ("the Agreement") on all disputed matters, including custody.  In pertinent part, the

---

[1] In the proceedings below, the Child Support Office of the Warren County Attorney intervened because Castro was receiving public assistance on behalf of the minor child.  The County Attorney remains a party to this action and was named as an appellee on the Notice of Appeal. However, it takes no position on the merits of the current matter.

parties agreed to joint custody of Child. Torn would start unsupervised visitation with Child in October 2019, with timesharing to be increased over a period through February 2020. Beginning in March 2020, Torn would exercise timesharing according to the standard visitation schedule, with specific provisions for holiday visitations.

The Family Court adopted and incorporated the Agreement in its Decree of Dissolution (the "Decree"), which was entered on November 6, 2019. However, the Family Court modified the visitation schedule, concluding that Torn's period of supervised visitation needed to be extended to five more visits. After Torn completed those supervised visits, he would graduate to unsupervised timesharing over a period of approximately three months.

None of the scheduled timesharing ever took place. The DVO expired in March 2021. On May 8, 2022, Castro filed a "Notice of Relocation," stating her intention to move to Tennessee with Child. She also alleged that Torn never exercised timesharing as set forth in the Decree. Torn did not respond to this motion.

Castro repeated these allegations in her September 16, 2022, motion to amend custody and timesharing. Torn filed a response objecting to the change in custody. He further alleged that Castro had refused to allow him timesharing with Child since October 2019.

The matter proceeded to an evidentiary hearing on February 22, 2023, at which Castro and Torn each testified. Thereafter, on May 24, 2023, the Family Court granted Castro's motion for sole custody. The Family Court concluded that modification of custody was in Child's best interests, among other reasons, due to Torn's repeated failures, without good cause, to observe visitation. KRS[2] 403.340(4)(c). The Family Court also found that the best-interests factors set out in KRS 403.270(2) warranted the change to sole custody. The Family Court granted Torn telephonic and video timesharing but directed him to file a motion for any in-person visitation. Torn now appeals. Additional facts will be set forth below as necessary.

A Family Court has broad discretion when modifying visitation awards. *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008). The Family Court's determinations regarding custody are only reversible "if they constitute a manifest abuse of discretion, or were clearly erroneous in light of the facts and circumstances of the case." *Drury v. Drury*, 32 S.W.3d 521, 525 (Ky. App. 2000). The test is not whether this Court would have decided the matter differently, but whether the Family Court's rulings were clearly erroneous or constituted an abuse of discretion. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982).

---

[2] Kentucky Revised Statutes.

-4-

"The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000). More specifically, a court abuses the discretion afforded it when "(1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004) (cleaned up). The clearly erroneous standard applies to the Family Court's factual findings. *Id.* at 916. A finding of fact is clearly erroneous if it is not supported by substantial evidence. *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003). "Substantial evidence is evidence, when taken alone or in light of all the evidence, which has sufficient probative value to induce conviction in the mind of a reasonable person." *Id.* (citing *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998)). We review questions of law *de novo*. *Id.*

However, the Family Court's discretion to modify custody is circumscribed by the requirements of KRS 403.340. The provisions of KRS 403.340(2) are not applicable in this case because Castro filed her motion to modify custody more than two years after the date of the Decree. The remaining portions of KRS 403.340 set forth the applicable requirements for a modification of custody as follows:

(3)  If a court of this state has jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, the court shall not modify a prior custody decree unless after hearing it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child.  When determining if a change has occurred and whether a modification of custody is in the best interests of the child, the court shall consider the following:

> (a) Whether the custodian agrees to the modification;

> (b) Whether the child has been integrated into the family of the petitioner with consent of the custodian;

> (c) The factors set forth in KRS 403.270(2) to determine the best interests of the child;

> (d) Whether the child's present environment endangers seriously his physical, mental, moral, or emotional health;

> (e) Whether the harm likely to be caused by a change of environment is outweighed by its advantages to him; and

> (f) Whether the custodian has placed the child with a de facto custodian.

(4) In determining whether a child's present environment may endanger seriously his physical, mental, moral, or emotional health, the court shall consider all relevant factors, including, but not limited to:

(a) The interaction and interrelationship of the child with his parent or parents, his de facto custodian, his siblings, and any other person who may significantly affect the child's best interests;

(b) The mental and physical health of all individuals involved;

(c) Repeated or substantial failure, without good cause as specified in KRS 403.240, of either parent to observe visitation, child support, or other provisions of the decree which affect the child, except that modification of custody orders shall not be made solely on the basis of failure to comply with visitation or child support provisions, or on the basis of which parent is more likely to allow visitation or pay child support;

(d) If domestic violence and abuse, as defined in KRS 403.720, is found by the court to exist, the extent to which the domestic violence and abuse has affected the child and the child's relationship to both parents.

(5) Subject to KRS 403.315, if the court orders a modification of a child custody decree, there shall be a presumption, rebuttable by a preponderance of evidence, that it is in the best interest of the child for the parents to have joint custody and share equally in parenting time. If a deviation from equal parenting time is warranted, the court shall construct a parenting time schedule which maximizes the time each parent or de facto custodian has with the child and is consistent with ensuring the child's welfare.

Torn primarily argues that Castro failed to establish grounds for modification of custody under KRS 403.340. Torn emphasizes that he complied with all supervised visitations prior to the entry of the Decree, and that he appeared

-7-

for timesharing exchanges in October 2019 as set forth in the Agreement. However, all of these actions occurred prior to the Family Court's adoption of the Decree in November 2019.

Torn contends that he was entitled to the timesharing as set out in the Agreement. However, KRS 403.180(2) provides that, while the parties are free to enter into a separation agreement to promote settlement of the divorce, the Family Court still retains control over child custody, support, and visitation and is not bound by the parties' agreement in those areas. As noted above, the Decree modified the Agreement, directing that Torn attend five additional, supervised visitations with Child before graduating to the unsupervised visitation schedule. Those visitations, like his previous encounters, were to be supervised at the Family Enrichment Center in Bowling Green.

Torn testified that he attempted to schedule the supervised visitations with the Family Enrichment Center, but he was never able to do so. Torn further alleges that Castro never attempted to contact him to schedule any visitations. Torn contends that Castro was obligated to contact him and attempt to schedule visitation. Since she failed to do so, Torn argues that he cannot be blamed for his failure to exercise visitation over the three year period.

The Family Court disagreed. After addressing the applicable best-interest elements of KRS 403.270(2), the Family Court focused on KRS

403.340(4)(c), noting Torn's failure to exercise any visitation with Child since October 2019. Although Torn contacted the Family Enrichment Center in November 2019, he gave up after only a few attempts to schedule the supervised visitations. Given Torn's absence from Child's life, the Family Court found that Castro has been the primary caretaker and decision-maker for Child for Child's entire life.

The Family Court also pointed to Torn's failure to raise the denial of visitation during any of his appearances at post-Decree hearings, including those after the DVO expired. Torn did not provide an explanation for his failure to raise these concerns sooner. In addition, the Family Court observed that Castro mailed her motion to relocate to Torn's current address. Although Torn stated that he did not receive that motion, he admitted that he had received all other pleadings at that address. Under these circumstances, the Family Court found no reasonable justification for Torn's failure to raise the denial of visitation until this motion. In light of all of these factors, the Family Court concluded that granting sole custody to Castro would be in Child's best interests.

While Torn has paid all required child support, he had no contact with Child after October of 2019. Torn knew of his obligation to complete the five additional, supervised visitations in November of 2019. Yet he never followed through on scheduling those visits after a few attempts. Moreover, Torn made no

effort to seek contact until Castro filed this motion in September of 2022 – nearly three years later. The existence of the DVO did not preclude Torn from seeking to resume visitation. Furthermore, we agree with the Family Court that it was not Castro's responsibility to force Torn to exercise visitation with Child.

We recognize that Torn's failure to exercise or seek visitation cannot be the sole basis for modifying custody. KRS 403.340(4)(c). But as the Family Court discussed in its findings, Castro has been the sole caretaker and decision-maker for Child for nearly all of Child's life. Child is thoroughly integrated into Castro's family and community. The Family Court found that Torn's limited and inconsistent presence in Child's life would be more harmful than granting Castro sole custody and gradually reintroducing his visitation. The Family Court was also concerned about Torn's "inappropriate" emotional displays in front of Child during his supervised visits in 2019 and at the hearing in 2023. Under the circumstances, we conclude that the Family Court properly considered all applicable factors for modifying custody under KRS 403.340. We find no clear error in the Family Court' findings or abuse of discretion in the Family Court's decision.

Torn further argues that KRS 403.340(5) required the Family Court to set a new timesharing schedule. That section also creates a presumption of equal timesharing, or at least a schedule that "maximizes the time each parent . . . has

with the child and is consistent with ensuring the child's welfare." Torn argues that the Family Court's order effectively denies him any visitation with Child.

But at the hearing, Torn's counsel admitted that setting a new timesharing schedule would require a new motion and hearing. By conceding this point, Torn waived his right to resume timesharing immediately. The Family Court's findings reflect this concession, stating that, "before any in person visitation with [Child] can begin . . . a proper motion should be filed by Mr. Torn and an additional evidentiary hearing conducted to determine what is specifically in the best interest of [Child] regarding timeshare with Mr. Torn." The circumstances of this case justify such caution. Torn failed to comply with the supervised visitation requirements of the Decree, and he failed to seek any visitation with Child for three years, which is a substantial part of Child's entire life. Notwithstanding Torn's waiver of the issue, the Family Court did not abuse its discretion by limiting Torn's contact with Child at this time.

In conclusion, the reasons for Torn's failure to exercise timesharing with Child for such a long time are unclear and concerning. But based on the record, we believe that Torn sincerely desires to resume his relationship with Child. We certainly encourage him to do so, and nothing in this Opinion should be read to limit his right to seek increased timesharing. The statutory factors in KRS 403.270 and KRS 403.340 grant him the right to such timesharing, subject to the

best interests of Child. But considering his long absence from Child's life (for whatever reasons), and Child's living her young life without him, Child's interests are best served by maintaining stability. This six-year-old Child has not seen her father for over three years; thus, some sort of reintroduction into her life and graduated visitation is appropriate and necessary, as the Family Court held. And it is Torn's duty to seek that redress by motion to the Family Court, instead of petitioning to have it here. Consequently, the Family Court did not abuse its discretion or commit clear error by granting sole custody to Castro or by deferring a new timesharing schedule.

Accordingly, we affirm the May 24, 2023, Order of the Warren Family Court modifying the Decree and granting sole custody of Child to Castro.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kenneth A. Meredith, II
Bowling Green, Kentucky

BRIEF FOR APPELLEE ANGELA KAE TORN (NOW CASTRO):

Katina B. Miner
Bowling Green, Kentucky